IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
UNITED STATES OF AMERICA,        )
ex rel. LESLIE CARICO,           )
                                 )
          Plaintiff,             )
                                 )
v.                               )     1:20-cv-784
                                 )
VETERANS GUARDIAN VA CLAIM       )
CONSULTING, LLC, SCOTT           )
GREENBLATT, WILLIAM TAYLOR,      )
and GREGORY A. VILLAROSA,        )
                                 )
          Defendants.            )
```

## ORDER

On February 25, 2025, the United States Magistrate Judge's Memorandum Opinion and Recommendation ("Recommendation") was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. (Docs. 65, 66.) Defendants filed objections to the Recommendation, (Doc. 67), and Plaintiff-Relator ("Plaintiff") responded to those objections, (Doc. 68). On September 4, 2025, this court heard argument.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id. After de

novo review, this court finds the Recommendation should be adopted as modified herein.

This court finds Plaintiff's allegations in the Second Amended Complaint contained in paragraphs 95 through 99, all relating to an alleged receipt of Payroll Protection Plan ("PPP") loan, (see Doc. 61-1 ¶¶ 9, 95-99), involve separate transactions and occurrences which have little to nothing in common with the facts underlying the alleged claims of fraud in seeking veterans' benefits, (see id. ¶¶ 22-94). These PPP allegations, ostensibly part of the False Claims Act claims set out in Counts 1, 2, and 3, (see id. ¶¶ 100-08), are construed separately by this court. (See Doc. 68 at 24 ("Relator contends that the Court can evaluate the sufficiency of the PPP-related allegations, as they constitute a separate scheme.").) Because Plaintiff alleges the PPP loan was fraudulently obtained, (Doc. 61-1 ¶¶ 95-99, 100-08), Fed. R. Civ. P. 9(b) applies to this series of transactions. See Fed. R. Civ. P. 9(b) ("In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ."). Plaintiff has failed to allege any circumstances, much less particular circumstances, constituting fraud on the part of Defendants with respect to the PPP loan. (See Doc. 61-1 ¶¶ 9, 95-99.) This court finds any claims based upon the PPP loan allegations should be dismissed.

As for Defendant William Taylor, this court finds Plaintiff has failed to allege with particularity any circumstances constituting fraud on the part of this Defendant sufficient to support the substantive claims set forth in Counts One and Two, (see id. ¶¶ 2-3, 16, 56, 94(d), 94(f), 100-05), and those counts will be dismissed without prejudice as to Defendant Taylor.

This court finds Plaintiff has plausibly alleged a theory of liability as to Defendant Taylor with respect to Count III, conspiracy. (See id. ¶¶ 2-3, 16, 56, 94(d), 94(f), 106-08.)

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 65), is **ADOPTED AS AMENDED.**

**IT IS ORDERED** that the Motion to Amend, (Doc. 61), is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** as to Count IV against Defendants Greenblatt and Taylor. The motion is **DENIED WITHOUT PREJUDICE** as to Counts One and Two as to Defendant Taylor. The motion is **DENIED** as to any claims arising from alleged fraud in the application for a Payroll Protection Plan loan as set forth in paragraphs 95-99 of the Second Amended Complaint, (Doc. 61-1). The motion is **GRANTED IN PART** as to all other counts and parties.

**IT IS FURTHER ORDERED** that the Motion to Dismiss, (Doc. 49), is **GRANTED IN PART** as to Count IV against Defendants Greenblatt and Taylor, Counts I and II as to Defendant Taylor, and any claims arising from fraud in the application for a

- 3 -

Case 1:20-cv-00784-WO-LPA   Document 71   Filed 09/08/25   Page 3 of 4

Payroll Protection Plan loan. The Motion to Dismiss is **DENIED IN PART** as to all other counts.

**IT IS FURTHER ORDERED** that within seven days of the entry of this Order, Plaintiff shall file a Second Amended Complaint upon the docket that conforms with this Order. That filing shall not be construed as a waiver of any objections to the findings set forth herein.

The Clerk is directed to schedule this matter for an Initial Pretrial Conference pursuant to LR 16.1(b).

This the 8th day of September, 2025.

/s/ William L. Osteen, Jr.
United States District Judge